

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 31, 2023**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| LAUREN ENGINEERS & CONSTRUCTORS, INC., | § § | Case No.: 21-10051-RLJ-7 |
| | § | |
| Debtor. | § | |
| _____ | § | _____ |
| | § | |
| RODDRICK NEWHOUSE, Trustee, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 23-01000 |
| | § | |
| SAMUEL ENGINEERING, INC., EVEROD SAMUEL, JACK W. SHOEMATE, MATT HIGGINS, CLAY BOYCE, CURTIS STANLEY, JOHN HYLAND, MARCUS D. GAND, DAVID "DAVE" WEATHERLY, RANDY BARBEE, JOHN COTTEN, REBECCA WHITENER, ERIC SYDOW, MICHAEL ADKINS, ERIC ANDERSON, CHARLES ASHMORE, RYAN BLOSER, RICHARD "KIRK" BOSWELL, ANDREW COLEMAN, RONALD EDWARDS, RAJEEV KARKI, PAMELA LANGLEY, JASON MCFADDEN, AND RYAN ROLLINS, | § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

1

## MEMORANDUM OPINION AND ORDER

Defendant Rebecca Whitener (Whitener) filed her motion [ECF No. 9] under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] asking the Court to dismiss Counts 1, 2, 4, and 7–12 of the original complaint [ECF No. 1] of Roddrick Newhouse (Trustee), the chapter 7 trustee and plaintiff here.[2] The First Amended Complaint [ECF No. 13] was filed, and timely so, twenty-one days *after* Whitener's motion.[3] At hearing on the motion, Whitener's counsel said the First Amended Complaint failed to rectify the pleading's deficiencies as to Whitener that warranted her motion. Whitener alternatively asks that the Trustee be directed to file a more definite statement of his causes against her.

As the Supreme Court stated: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when the pleading contains factual content sufficient for "the court to draw the reasonable inference that the *defendant* is liable for the misconduct alleged." *Id*. (emphasis added). Conclusory legal statements cannot stand in the place of factual allegations; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In some contexts, "the appropriate remedy when granting a motion based on nonconforming or deficient pleadings is to grant the complainant time within which to amend the complaint." *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995). And the

---

[1] Rule 12(b)(6) of the Federal Rules of Civil Procedure is applicable to adversary proceedings under Federal Rule of Bankruptcy Procedure 7012(b).
[2] "ECF No." refers to the numbered docket entry in the Court's electronic case file for Adversary No. 23-01000.
[3] Rule 15 of the Federal Rules of Civil Procedure applies to adversary proceedings through Federal Rule of Bankruptcy Procedure 7015. And Rule 15(a)(1)(B) permits a party to amend his pleading as a matter of course within 21 days after a motion under Rule 12(b) is brought if the original pleading is one requiring a response.

opportunity to amend should be "freely given" within the discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); *see Life Partners Creditors' Tr. v. Cowley (In re Life Partners Holdings, Inc.)*, 926 F.3d 103, 125 (5th Cir. 2019) ("Even if a plaintiff's pleadings are deficient under Rule 12(b)(6), a district court should 'freely give leave [to amend] when justice so requires.' In fact, 'Rule 15(a) "evinces a bias in favor of granting leave to amend."'" (alterations in original) (citations omitted)).

Upon review of the motion, the Trustee's response, the briefs in support of each, and the First Amended Complaint, the Court finds that the allegations of the First Amended Complaint are deficient and need to be repleaded to address the following:

- Whether the Trustee seeks recovery against the officers and directors of Lauren Engineering, including Whitener, under causes of action for negligence and gross negligence.

- The controlling law that supports the Trustee's cause of action for breach of fiduciary duty.

- The timing of events that give rise to the causes of action, including the timing of when the officers and directors, including Whitener, failed to take the actions that the Trustee alleges they should have taken.

- A more complete statement of facts for the fraudulent conveyance cause, with a statement of the controlling law that supports the fraudulent conveyance charge.

- A statement of the controlling law that supports the claims made at Count 7 designated as "Damages for Headstart Work Performed by Lauren."

- The facts that support the Trustee's causes of action against Whitener under Counts 7 and 8.

- The failure at paragraph 90 of the complaint to identify which defendants are responsible for the alleged failures itemized under categories a. – m.
- Paragraph 96 states that "all of the Defendants" are being sued "for attorneys' fees under all theories, whether statutory or common law, which may otherwise entitled [*sic*] them to recover attorneys' fees." This statement fails to provide fair notice of the claim being made.

The Trustee shall file an amended complaint to address the foregoing-described deficiencies within 14 days of entry of this order. All other relief requested is denied.

SO ORDERED.

### End of Memorandum Opinion and Order ###