

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 10, 2024**

_____
**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Lauren Engineers & Constructors, Inc., | § | Case No.: 21-10051-rlj7 |
| | § | |
| Debtor. | § | |
| _____ | § | _____ |
| | § | |
| Roddrick Newhouse, Trustee, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 23-01000 |
| | § | |
| Samuel Engineering, Inc., Everod Samuel, Eric | § | |
| Sydow, Rebecca Whitener, Jack W. Shoemate, | § | |
| Matt Higgins, John Hyland, Randy Barbee, | § | |
| David "Dave" Weatherly, Clay Boyce, Curtis | § | |
| Stanley, John Cotten, Marcus D. Gand, | § | |
| Michael R. Adkins, Eric Anderson, Charles | § | |
| Ashmore, Richard "Kirk" Boswell, Ryan | § | |
| Bloser, Andrew I. Coleman, Ronald Edwards, | § | |
| Rajeev K. Karki, Pamela R. Langley, Jason | § | |
| McFadden, and Ryan L. Rollins, | § | |
| | § | |
| Defendants.[1] | § | |

---

[1] On November 30, 2023, the Court approved a settlement between the Trustee and most of the defendants here. Case No. 21-10051, ECF No. 541. The settlement said the Trustee would dismiss his claims against the relevant defendants

Case 23-01000-rlj   Doc 74   Filed 06/11/24   Entered 06/11/24 07:57:06   Desc Main
Document     Page 2 of 6


**MEMORANDUM OPINION AND ORDER**

The Court addresses two motions: (1) the motion under Federal Rule 12(b)(6)[2] of defendant Eric Sydow (Sydow) to dismiss plaintiff's causes for knowing participation in breach of fiduciary duty (also stated as "aiding and abetting breach of fiduciary duty"), which is designated as Count 2; conversion, which is designated as Count 3; and for fraudulent conveyance and violation of the automatic stay, together designated as Count 4; and (2) the motion under Rule 12(c) by defendants Everod Samuel (Samuel) and Samuel Engineering, Inc. (SEI) for judgment on the pleadings regarding Counts 2, 3, and 4. ECF Nos. 51, 53.[3]

The Court takes as true the allegations of the Trustee's Second Amended Complaint. The Court has carefully reviewed the defendants' motions and briefs in support, the Trustee's Second Amended Complaint, and responses and briefs in support and concludes, as set forth below, that the motions be granted in part and denied in part.

I.

A complaint survives a motion to dismiss for failure to state a claim when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).[4] "[The complaint] must contain sufficient factual material that, accepted as true, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

---

after certain conditions were met; the Trustee has not yet dismissed the defendants. The defendants that are not parties to the settlement are Samuel Engineering, Inc., Everod Samuel, and Eric Sydow.

[2] Rule 12 of the Federal Rules of Civil Procedures applies in adversary proceedings through Federal Rule of Bankruptcy Procedure 7012.

[3] Unless otherwise indicated, "ECF No." refers to the numbered docket entry in Adversary No. 23-01000.

[4] Rule 8 applies in adversary proceedings through Federal Rule of Bankruptcy Procedure 7008.

2

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "In reviewing the complaint, [courts] 'draw all inferences in favor of the nonmoving party, and view all facts and inferences in the light most favorable to the nonmoving party.'" *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017) (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)). The Court "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

After the pleading stage, a party "may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

## II.

This lawsuit is brought by Roddrick Newhouse as the chapter 7 trustee (Trustee) of the bankruptcy estate of Lauren Engineers and Constructors, Inc. (Lauren). Lauren was in the business of "designing and, in some instances, fabricating pipeline, refinery and oilfield equipment and systems such as valves and systems to facilitate the movement of hydrocarbons and chemicals." 2d Am. Compl. ¶ 30, ECF No. 48. According to the Trustee's Second Amended Complaint, Lauren's downfall began when its "founder and Chairman," Charles Cleveland Whitener III, was killed in an airplane crash. *Id*. ¶ 31. "[H]is estate and Defendant Rebecca Whitener, as [Lauren's] new Chairman of the Board, decided it would be best to sell the assets of Lauren," pay its creditors, and distribute the "overage to [Whitener's] estate and any other owners." *Id*. Lauren had a substantial enterprise value but also was having problems paying its

3

principal lender. As part of this plan, Lauren "entered into talks" and then serious negotiations

for the sale of its assets to SEI. *Id*. ¶ 34.

This action is based on the alleged wrongful actions and conduct of the various

defendants in connection with the potential sale of Lauren's assets to SEI that was in the works

prior to Lauren's bankruptcy filing. The Trustee's complaint, at its core, describes the

"migration" of Lauren's valuable, mostly intangible assets to SEI, beginning in the due-diligence

phase of the potential sale and continuing into the period *after* Lauren's bankruptcy filing. As

described, SEI engaged in a scheme to obtain not only Lauren's assets but also its ongoing

projects; this was accomplished by bringing-in Lauren's engineers to service the projects. In

effect, the Trustee is charging SEI with stealing the debtor's business and thus the potentially

valuable asset base and projects in place at the time Lauren filed bankruptcy.

The complaint goes into much detail in identifying and describing the intellectual

property and data that SEI obtained and still holds, *see id*. ¶ 39; the work product and associated

data that the hired engineers brought with them to SEI, ¶¶ 40–41; and the names of Lauren's

projects that were "reassigned" to SEI, none of which SEI has paid for or returned, ¶ 41.

The complaint alleges that Sydow, as the Chief Technology Officer of SEI, "participated"

in the mass migration of Lauren's IP and data to SEI's systems and hardware. And then it alleges

that he was principally involved in refusing or at least ignoring the Trustee's order to shut down

access to Lauren's server. *Id*. ¶¶ 48–49.

### III.

As to the Trustee's Count 2 for knowing participation in breach of fiduciary duty (or

aiding and abetting breach of fiduciary duty), the Court concludes that the Trustee's complaint

fails to state a cause of action under Texas law against defendants Samuel and SEI. The Court

further concludes that the complaint fails to state a Count 2 cause of action against defendant

Sydow under either Texas or Delaware law. The Court otherwise denies the motion for judgment

on the pleadings on Count 2 under Delaware law as to defendants SEI and Samuel.

The complaint adequately pleads claims for conversion, for fraudulent transfer, and for

violation of the automatic stay against SEI. SEI is the party that obtained possession of Lauren's

assets and is the party that has failed to return or pay for Lauren's assets. As to Count 3 for

conversion, the Court denies the motion for judgment on the pleadings as to defendant SEI.

For the conversion and fraudulent transfer causes, SEI is the taker on the conversion and

the transferee of the alleged fraudulent transfers. The complaint does not allege that any of the

other parties are a taker or transferee. The complaint, therefore, fails to adequately plead a

conversion or fraudulent transfer charge against either Samuel or Sydow.

The complaint adequately pleads a stay violation against SEI and Samuel. As to Trustee's

Count 4 for fraudulent conveyance and violation of the automatic stay, the Court denies SEI's

and Samuel's motion for judgment on the pleadings on the fraudulent conveyance and stay

violation causes as to defendant SEI; the Court grants the motion for judgment on the fraudulent

transfer cause as to defendant Samuel; and the Court denies the motion for judgment on the

cause for violation of the automatic stay as to defendants SEI and Samuel. The Court grants

defendant Sydow's motion to dismiss both the causes for fraudulent conveyance and violation of

the automatic stay.

It is, therefore,

ORDERED that the Trustee's Count 2 cause for knowing participation (aiding and

abetting) of fiduciary duty based on Texas law is dismissed as against defendants Samuel and

SEI; the Count 2 cause is dismissed in its entirety against Sydow; it is further

ORDERED that the Trustee's Count 3 claim of conversion against Samuel and Sydow is dismissed; it is further

ORDERED that the Trustee's Count 4 claim of fraudulent transfer is dismissed as against defendants Samuel and Sydow; it is further

ORDERED that the Trustee's Count 4 claim for violation of the automatic stay by Sydow is dismissed.

### End of Memorandum Opinion and Order ###